# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **CAPITAL CITY BANK GROUP, INC., and CAPITAL CITY BANK,** | : | |
| **Plaintiffs**, | : | |
| v. | : | Civil Action No. 5:03-cv-256(HL) |
| **CAPITOL CITY BANK & TRUST COMPANY and CAPITOL CITY BANCSHARES, INC.,** | : | |
| **Defendants**. | : | |

## ORDER OF DISMISSAL

The parties have filed a document styled as a Stipulation of Dismissal [doc 133], in which they attempt to effect a voluntary dismissal by stipulation in accordance with Federal Rule of Civil Procedure 41(a)(1). However, in their Stipulation of Dismissal, the parties state as follows: "The parties further stipulate that the Court shall retain jurisdiction in this matter to address any disputes concerning the settlement." (Stip. of Dismissal at 1.) No motion was presented to the Court requesting that it retain jurisdiction of the settlement agreement.

The Federal Rules of Civil Procedure provide two methods by which a plaintiff may voluntarily dismiss a federal civil action without obtaining the consent of the district court. The first method, not applicable here, is "by filing a notice of dismissal at any time before the service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). The second method, which was the method followed here, is "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P.

41(a)(1)(ii). Voluntary dismissal by any other method requires an order from the court. *See* Fed. R. Civ. P. 41(a)(2).

Voluntary dismissals filed pursuant to either method provided for in Rule 41(a)(1) allow the parties to bypass the court and effectuate dismissals without a court order. Thus a properly-filed stipulated dismissal made pursuant to Rule 41(a)(1)(ii) is effective automatically and does not require judicial approval. *See, e.g.,* Hester Indus., Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998) and cases cited therein. As the United States Court of Appeals for the Second Circuit has noted, "A dismissal by stipulation is not a unilateral act on the part of the plaintiff but rather is a mutual agreement by all the parties." Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery, 534 F.2d 1012, 1017 (2d Cir. 1976). As such, a dismissal by stipulation binds all the parties and no court action is required. However, because a dismissal by stipulation necessarily bypasses the court, a dismissal by stipulation cannot also bind the court. Nevertheless the parties to this litigation have attempted to use the dismissal by stipulation as a means to impose jurisdiction on this Court over the terms of the settlement agreement reached by the parties.

In 1994, in Kokkoken v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673 (1994), the Supreme Court of the United States held that enforcement of a settlement agreement requires its own basis for jurisdiction. Id. at 378, 114 S. Ct. at 1676. In Kokkoken the Court held that a stipulated dismissal that did not provide for the district court to retain jurisdiction was insufficient to confer jurisdiction on the district court to resolve later disputes as to the terms of the settlement agreement. The parties here apparently seek to avoid the

shortcomings of the dismissal noted in Kokkoken by including language stipulating to the Court's jurisdiction.  However, nothing in Kokkoken suggests that the parties are at liberty to dictate that the Court will retain jurisdiction of a settlement.  To the contrary, language in Kokkoken suggests otherwise.

In Kokkoken, after noting that automatic jurisdiction over settlement agreements "is in no way essential to the conduct of federal-court business," the Court added the following:

> **If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so.**  When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), . . . the parties compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, **in the court's discretion**, be one of the terms set forth in the order.  Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think **the court is authorized** to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.

Id. at 381-82, 114 S. Ct. at 1677 (emphasis in bold added).  Underlying the Court's suggestion in Kokkoken as to how the parties may provide for retention of jurisdiction of a settlement is the clear implication that the ultimate authority for determining whether jurisdiction should be retained is the district court.

In this case, when the Stipulation of Dismissal was brought to the Court's attention, the Court contacted the parties to advise them that they did not have the authority to dictate that the Court should retain jurisdiction.  The Court's contact with the parties prompted a letter (Doc. 136) submitted on behalf of all parties requesting that the Court retain jurisdiction.  Such a request should, of course, have preceded the Stipulation of Dismissal.  Nevertheless, the Court

will treat the parties' belated request as a Joint Motion for Retention of Jurisdiction over the Settlement Contract. In the Motion the parties ask that the Court retain jurisdiction through and including August 7, 2007. Recognizing that this case is three years old and that judicial resources will be preserved as a result of a settlement, and further recognizing the efforts of the parties to work out an agreeable resolution of this case, the Motion is hereby granted.

**WHEREFORE, IT IS HEREBY ORDERED:**

1. The parties represent that they have entered into a settlement agreement which has resolved all issues and controversies to their mutual satisfaction.

2. By consent of the parties and the Court, and under the authority of Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381-82 (1994), the Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement. The Court has not seen the settlement agreement and this Order is not intended to signify approval of the terms of the settlement agreement.

3. Jurisdiction to enforce the terms of the settlement agreement shall be retained through and including August 7, 2007, but no later.

**SO ORDERED**, this the 26th day of February, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls